IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TAMMY THOMPSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. WGC-15-1498 |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION

Plaintiff Tammy Thompson ("Ms. Thompson" or "Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her claim for Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381-1383f.  The parties consented to a referral to a United States Magistrate Judge for all proceedings and final disposition. *See* ECF Nos. 2, 5.[1] Pending and ready for resolution are Plaintiff's Motion for Summary Judgment (ECF No. 13) and Defendant's Motion for Summary Judgment (ECF No. 14).  No hearing is deemed necessary.  *See* Local Rule 105.6 (D. Md. 2014).  For the reasons set forth below, Defendant's Motion for Summary Judgment will be granted and Plaintiff's Motion for Summary Judgment will be denied.

---

[1] The case was subsequently reassigned to the undersigned.

1. **Background**.

On May 31, 2012 Ms. Thompson filed an application for SSI[2] alleging a disability onset date of December 15, 2010 due to mood disorder, depression, and attention deficit disorder. R. at 11, 122-25, 150-51. Ms. Thompson's application was initially denied on August 28, 2012. R. at 89-92. On October 11, 2012 Ms. Thompson requested reconsideration. R. at 95. On December 10, 2012 the application was denied again. R. at 96-97. On January 10, 2013 Ms. Thompson requested a hearing by an Administrative Law Judge ("ALJ"). R. at 98. On January 14, 2014 an ALJ convened a hearing via video teleconference. R. at 42-62. Ms. Thompson was represented by counsel. Based on the advice of her counsel, Ms. Thompson voluntarily amended her alleged onset date of disability to May 31, 2012, the date of her application. R. at 44-45. During the hearing the ALJ obtained testimony from Ms. Thompson and a vocational expert ("VE"). In the February 21, 2014 decision the ALJ found Ms. Thompson has not been under a disability as defined in the Social Security Act, since May 31, 2012, the date her application was filed. R. at 20. On March 7, 2014 Ms. Thompson requested a review of the hearing decision. R. at 7. On March 26, 2015 the Appeals Council denied Ms. Thompson's request for review, R. at 1-3, making the ALJ's determination the Commissioner's final decision.

2. **ALJ's Decision**.

The ALJ evaluated Ms. Thompson's claim for SSI using the sequential evaluation process set forth in 20 C.F.R. § 416.920 (2013). Ms. Thompson bears the burden of demonstrating her disability as to the first four steps. At step five the burden shifts to the Commissioner. *Mascio v. Colvin*, 780 F.3d 632, 635 (4th Cir. 2015).

---

[2] The application for SSI is not part of the administrative record. An application for disability insurance benefits ("DIB") is included in the administrative file. *See* R. at 122-25.

2

At step one the ALJ found Ms. Thompson has not engaged in substantial gainful activity since May 31, 2012, the amended alleged onset date. R. at 13. The ALJ concluded at step two that Ms. Thompson has the following severe impairments: Depression (NOS[3]), Anxiety (NOS), and a Personality Disorder. *Id.* Also at this step the ALJ found all other alleged impairments[4] non-severe "because they did not exist for a continuous period of at least 12 months, were responsive to medication, did not require any significant medical treatment, or did not result in any continuous exertional or nonexertional functional limitations." *Id.* (citations omitted).

At step three the ALJ found Ms. Thompson does not have an impairment or combination of impairments which meets or medically equals a listed impairment. The ALJ specifically considered Listings 12.04 (affective disorders), 12.06 (anxiety related disorders), and 12.08 (personality disorders). In accordance with 20 C.F.R. § 416.920a the ALJ followed a special technique to evaluate the severity of Ms. Thompson's mental impairments. The four broad functional areas—(1) activities of daily living, (2) social functioning, (3) concentration, persistence, or pace, and (4) episodes of decompensation—are known as the "paragraph B" criteria for most of the mental disorders listed in Appendix 1.

The ALJ determined Ms. Thomspon has a *mild* restriction in her activities of daily living.

> The claimant testified she had no problems walking, standing, or sitting. She reported largely spending the day sitting in her bedroom or taking naps secondary to depression. She denied being able to perform housework, but stated she could shop for supplies and cooks occasionally. The claimant reported the hobby of watching television.

R. at 14. In addition to her testimony the ALJ considered the June 27, 2012 and November 13, 2012 Functions Reports completed by Ms. Thompson. *See* R. at 156-63, 171-78.

---

[3] Not Otherwise Specified.

[4] Ms. Thompson's alleged arthritis and the administrative record shows a history of substance abuse. R. at 13.

> In the reports, she stated that additional activities, including playing with her grandchild, taking care of others, preparing complete meals on a daily basis, shopping for food/clothing once a month for 2 hours in duration, and doing laundry. Despite her testimony that she was too depressed to largely perform household chores, the claimant noted in the report that [she] was able to go outside on a daily basis, unaccompanied, and she could travel by walking or riding in an automobile. She reported no problems in tending to her personal needs and grooming and did not require reminders.

R. at 14.

With regard to social functioning, the ALJ found Ms. Thompson has *mild* difficulties. Ms. Thompson testified the she does not socialize outside of her home. R. at 51. In the Function Reports she claimed difficulties conversing with others and getting along with others. However "[i]n the reports, she also noted the activities of playing with her grandchild and taking care of others. The claimant reported attending Bible studies on a monthly basis during Dr. Nutter's consultative examination." R. at 14 (citation omitted).

As for concentration, persistence, or pace, the ALJ determined Ms. Thompson has *moderate* difficulties. "The claimant testified she had difficulties with concentration, motivation, and in using her memory. She was able to maintain sufficient concentration and attendance to perform shopping for supplies, occasional cooking, and paying attention to television programs. In her Function Reports, the claimant reported difficulty when attempting to perform using her memory, completing tasks, concentrating, understanding, and following instructions." R. at 15 (citations omitted).

Fourth, the ALJ found Ms. Thompson has not experienced any episodes of decompensation. *Id.* Because Ms. Thompson's mental impairments do not cause two "marked" limitations or, one "marked" limitation and "repeated" episodes of decompensation, the

"paragraph B" criteria are not satisfied. The ALJ then proceeded to consider the "paragraph C" criteria.[5]

> As to listing 12.04, the claimant has experienced no episodes of decompensation, nor has a disease expected to cause the claimant to decompensate given environmental or mental demand changes. Additionally, the claimant does not have a history of an inability to function outside of a highly supportive living arrangement with a continued need for same. As to listing 12.06, the claimant has not demonstrated, nor was there referenced in the medical record, an inability to function independently outside the area of one's home.

*Id.* The ALJ thus found a lack of evidence establishing the presence of the "paragraph C" criteria.

Having completed the special technique for evaluating Ms. Thompson's mental impairments, the ALJ proceeded to determine Ms. Thompson's residual functional capacity ("RFC"). "[T]he claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except the claimant is limited to simple, repetitive, non-production work tasks." *Id.* At step four the ALJ found Ms. Thompson has *no* past relevant work. Ms. Thompson has been a stay-at-home mother raising four children. Her most recent employment was more than twenty years ago as a waitress. *See* R. at 265.

Finally, at step five, the ALJ considered Ms. Thompson's age (43 years old on the amended alleged disability onset date, defined as a younger individual), education (limited, completed the 8th grade; able to communicate in English), and her RFC. The ALJ found the Social Security Administration met its burden of proving that Ms. Thompson is capable of performing various other jobs[6] that exist in significant numbers in the national economy, relying on the testimony of the VE. R. at 19-20. Accordingly, the ALJ concluded that Ms. Thompson

---

[5] Listing 12.08 does not have "paragraph C" criteria.

[6] Kitchen helper and laundry laborer (medium unskilled) and cafeteria attendant and mail clerk (light unskilled). R. at 20, 57-58.

has not been under a disability, as defined by the Act, since May 31, 2012, the date she filed her application.  R. at 20.

3. **Standard of Review**.

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards.  42 U.S.C. § 405(g); *Mascio*, 780 F.3d at 634; *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  It is more than a scintilla, but less than a preponderance, of the evidence presented, *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (citations omitted), and it must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id.*

4. **Discussion.**

Plaintiff claims the ALJ erroneously assessed Ms. Thompson's residual functional capacity in two respects:  (a) failed to include any limitation regarding Ms. Thompson's concentration, persistence, or pace in the RFC assessment and (b) failed to evaluate properly the pertinent evidence from James Nutter, M.D.  These issues are addressed below.

A. *Failing to Incorporate Limitation in Concentration, Persistence, or Pace*

At step three the ALJ determined Ms. Thompson has a moderate limitation in concentration, persistence, or pace.  The ALJ then found Ms. Thompson has the residual functional capacity to perform medium work except she is limited to simple, repetitive, non-

6

production work tasks. Plaintiff argues the ALJ failed to "explain how a limitation to simple, repetitive, non-production work tasks reflected moderate difficulties in concentration, persistence, or pace." ECF No. 13-1 at 6. Thus, under *Mascio*, Plaintiff contends a remand is warranted.

In *Mascio* the Fourth Circuit recognized a difference between the ability to perform simple tasks and the ability to stay on task. The latter ability concerns the broad functional area of concentration, persistence, or pace. *Mascio*, 780 F.3d at 638. The Commissioner argues, unlike in *Mascio*, in this case the ALJ did not simply limit Ms. Thompson to unskilled work or simple, routine tasks. "The ALJ further limited Ms. Thompson to work that was not production-paced." ECF No. 14-1 at 10 (citation omitted).

The undersigned finds the limitation, *non-production work tasks*, addresses the ability to stay on task as mandated by *Mascio*. *See, e.g., Mason v. Comm'r of Soc. Sec. Admin.*, No. SAG-14-3362, 2016 U.S. Dist. LEXIS 5752, at *3 (D. Md. Jan. 19, 2016) ("the claimant can occasionally make simple decisions; she is able to deal with simple routine changes in the work setting; *she is able to perform work that does not require the satisfaction of a production pace*; and she is able to perform low stress work, defined as few changes in the workplace.") (emphasis added); *Chase v. Comm'r of Soc. Sec. Admin.*, No. SAG-14-2961, 2016 U.S. Dist. LEXIS 5283, at *3 (D. Md. Jan. 15, 2016) ("she is mentally limited to simple, routine, and repetitive tasks, in a 'low stress' job (defined as requiring no more than occasional decision making and no more than occasional changes in the work setting), *with no production rate or paced work (such as would be done on an assembly line)*[.]") (emphasis added); *Shirey v. Comm'r of Soc. Sec. Admin.*, No. SAG-15-261, 2015 U.S. Dist. LEXIS 152930, at *2-3 (D. Md. Nov. 10, 2015) ("she is limited to work that is simple as defined in the DOT as SVP levels 1 and 2, routine and repetitive tasks in a

work environment *free of fast paced production requirements which is defined as constant activity with work tasks performed sequentially in rapid succession.*") (emphasis added); *Rayman v. Comm'r of Soc. Sec. Admin.*, No. SAG-14-3102, U.S. Dist. LEXIS 150765, at *3 (D. Md. Nov. 6, 2015) ("the claimant is limited to unskilled work; requires a low stress environment, such that there are few changes in the work setting and *no fast-paced or quota production standards*[.]") (emphasis added).  Thus, the ALJ did comply with *Mascio* and a remand is not warranted.

B.      *Failing to Evaluate Pertinent Evidence from a Medical Source*

Plaintiff describes the ALJ's error as follows:

> Dr. Nutter reported that the Plaintiff appeared befuddled with his questioning, had no hobbies or interests, had a very poor ability to perform activities on an independent basis, (Tr. 263), took no pleasure, interest, or satisfaction from activities, and had a borderline ability to understand and follow simple instructions. (Tr. 264).  Although the Administrative Law Judge determined that Dr. Nutter's findings were to be accorded substantial weight, (Tr. 18), he failed to include any limitation related to Dr. Nutter's findings in his residual functional assessment, without explanation.

ECF No. 13-1 at 6-7.  The Commissioner rejects Plaintiff's contention by noting,

> Dr. Nutter, indeed, observed that Ms. Thompson "appeared befuddled" with his questions and offered many "I don't know" responses to those questions (Tr. 265).  However, Ms. Thompson's thought process was relevant, coherent, and goal-directed, and she demonstrated no perceptual abnormalities (Tr. 266).  As noted above, Dr. Nutter's findings were supported by other objective evidence of organized thought content and process, normal concentration, fair insight and judgment, and intact memory (Tr. 220, 297).
>
> Dr. Nutter further opined that Ms. Thompson's provisional diagnosis of dependent personality disorder were closely tied to her several relationship problems (Tr. 266).  This opinion, likewise, was well-supported by the evidentiary record as a whole (Tr. 247) (depression related to her "chaotic living situation"); (Tr. 276) ("going through a lot right now: divorce in progress, son is in

> jail"); (Tr. 277) ("accidental OD" after becoming upset with her boyfriend); (Tr. 287) (complaining of relationship problems with her boyfriend); (Tr. 288) (describing stress over her relationship issues with her boyfriend and ex-husband); (Tr. 289) ("having a lot of trouble with the divorce" and feeling guilt); (Tr. 294) (depressed due to the fact that her brother was currently in the hospital).
>
> The remainder of Ms. Thompson's allegations of ALJ error (failing to consider her lack of hobbies and interests, poor ability to independently perform activities, inability to take pleasure/ interest/satisfaction from her activities, and borderline ability to understand and follow simple instructions) are found in the Activities of Daily Living Report that was attached to Dr. Nutter's evaluation (Tr. 263-264). As Dr. Nutter noted (Tr. 262), Ms. Thompson was the sole source for each of those responses. Significantly, Dr. Nutter did not incorporate any of Ms. Thompson's subjective claims into his written report (Tr. 265-266).
>
> The ALJ thoroughly addressed Dr. Nutter's evaluation and assigned substantial weight to his opinion (Tr. 18). Dr. Nutter's findings were further supported by Ms. Thompson's statements regarding her activities of daily living, which included preparing meals (Tr. 50, 157, 158, 172, 173, 263), grocery shopping (Tr. 51, 159, 174, 263), doing laundry (Tr. 173), and attending Bible study once a month (Tr. 263).

ECF No. 14-1 at 12-13.

The undersigned concurs with the Commissioner. The ALJ properly evaluated Dr. Nutter's opinion. A remand is not warranted.

5. **Conclusion.**

Substantial evidence supports the decision that Ms. Thompson is not disabled. Accordingly, Defendant's Motion for Summary Judgment will be granted and Plaintiff's Motion for Summary Judgment will be denied.

Date: May 27, 2016                                _____/s/_____
                                                                    WILLIAM CONNELLY
                                                                    UNITED STATES MAGISTRATE JUDGE